

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
2011 FEB 10 PM 2: 15
LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHIPPERS STEVEDORING COMPANY | * CIVIL ACTION |
| VERSUS | * NO. **11-0291** |
| M/V YASA GULTEN, her engines, tackle and appurtenances, etc., *in rem* | * SECTION "" **SECT. J MAG. 2** |
| | * MAGISTRATE ( ) |

### VERIFIED COMPLAINT

Plaintiff, Shippers Stevedoring Company, (hereinafter "Plaintiff" or "Shippers Stevedoring"), through undersigned counsel and for its Verified Complaint against the Defendant, M/V YASA GULTEN (hereinafter "YASA GULTEN" or the "Vessel"), *in rem*, alleges, upon information and belief, as follows:

1.

This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, 28 United States Code § 1333 and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

Fee 350
✓ Process _____
X Dkrd _____
__ CtRmDep _____
__ Doc. No. _____

1631781-1

2.

At all material times to this action, Plaintiff was a company duly organized and operating under the laws of the State of Texas, and was engaged in the performance of stevedoring services to vessels calling in ports within the State of Texas.

3.

At all material times, Defendant M/V YASA GULTEN was an ocean-going bulk cargo carrier of approximately 31,251 gross tons, bearing IMO No. 9300506 and flying under the flag of the Marshall Islands.

4.

At all material times, DaeWoo Logistics Corporation (hereinafter, "DaeWoo Logistics") was a company organized and operating under the laws of a foreign country with an office at 541 Namdaemun-no 5-ga, Jung-gu, P.O. Box 2810, Seoul, 100-753, South Korea, and was the charterer and/or disponent owner of the YASA GULTEN.

5.

On or about October 8, 2008, Plaintiff was hired to provide stevedoring services to the YASA GULTEN during her port call in Houston, Texas, and was instructed to discharge a partial cargo of hot rolled steel rods belonging to Duferco Steel, Inc. Plaintiff was initially instructed to discharge the steel rods only during normal working hours and not to incur any overtime charges in its performance of stevedoring services for the vessel.

6.

At the beginning of discharge operations, Plaintiff was specifically instructed by DaeWoo Logistics as charterers and/or disponent owners of the YASA GULTEN to disregard the prior instruction regarding overtime charges. DaeWoo Logistics then ordered Plaintiff to provide

stevedoring services to the vessel on an overtime basis so as to ensure that the entire cargo was discharged on or before October 12, 2008.

7.

In accordance with the DaeWoo Logistics' order, Plaintiff provided stevedoring services on an overtime basis from October 8 – 12, 2008, performing 132.5 man-hours of overtime service to the vessel in order to meet her discharge schedule demanded by DaeWoo Logistics.

8.

On or about November 12, 2008, Plaintiff provided DaeWoo Logistics with an invoice for overtime charges totaling $11,678.90 incurred during the discharge of cargo from the YASA GULTEN as described herein. *See* Exhibit A. Despite amicable demand, DaeWoo Logistics has refused to pay this amount owed to Plaintiff.

9.

The stevedoring services provided to the YASA GULTEN by Plaintiff were a necessary within the meaning of 46 U.S.C. § 31342.

10.

As a supplier of necessaries to the M/V YASA GULTEN on the order of her charterer and/or disponent owner, Shippers Stevedoring is the holder of a maritime lien against the M/V YASA GULTEN for the value of its services provided, including interest, costs and attorney's fees.

11.

Shippers Stevedoring seeks an order from this court directing the Clerk of Court to issue a Warrant of Arrest for the M/V YASA GULTEN commanding the United States Marshal for the Eastern District of Louisiana to seize the M/V YASA GULTEN, and further seeks that the

Vessel thereafter be sold at judicial sale, the proceeds thereof to be deposited into the registry of the Court and, after due proceedings are had, to be disbursed to Shippers Stevedoring in satisfaction of the debt owed to it.

**WHEREFORE**, Plaintiff Shippers Stevedoring Company prays that:

A.  This Verified Complaint be deemed good and sufficient;

B.  Process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of ELEVEN THOUSAND SIX HUNDRED SEVENTY-EIGHT DOLLARS AND NINETY CENTS ($11,678.90), exclusive of interest, costs and attorney's fees.

B.  Process according to the rules and practices of this Court in causes of admiralty and maritime jurisdiction, particularly Supplemental Admiralty Rule C of the Federal Rules of Civil Procedure, may issue against the M/V YASA GULTEN, her engines, tackle and appurtenances, etc., *in rem*;

D.  After due proceedings are had, there be judgment in favor of Shippers Stevedoring Company and against the M/V YASA GULTEN, *in rem*, and that said vessel be condemned and sold to satisfy the judgment to be entered in favor of Shippers Stevedoring Services, in the full amount of its claim, together with interest, costs and attorney's fees, as set forth above;

E.   Shippers Stevedoring Services be granted all further relief as justice and equity may demand.

Respectfully submitted,

_____
Daniel A. Tadros, T.A. #21906
Alan R. Davis, #31694
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000

and

Dimitri P. Georgantas
SBN: 07805100
FBN: 2805
815 Walker Street, Suite 953
Houston, Texas 77002
Telephone: (713) 546-9800
Facsimile: (713) 546-9806
georgantas@chaffe.com

**Attorneys for Shippers Stevedoring Services**

**PLEASE SERVE:**
**M/V YASA GULTEN, c/o Her master**
**Located at Mile 62 AHP, Mississippi River**
**Myrtle Grove, Louisiana**

1631781-1



**Shippers Stevedoring Company**
11811 E Freeway, suite 660
Houston, TX, 77029 - USA
Tel. (713) 451-5777
Fax (713) 451-9909
www.shipperstevedoring.com

Tax ID # 74 - 1618670

Bill to:
BLUE WATER SHIPPING
ATTN:SEAN ADLER
8866 GULF FREEWAY, STE. 170
HOUSTON, TX 77017

Invoice No. 17122
Date        11/12/2008
Cust.#      33251
Vessel      YASA GULTEN
Voy No.     02
Port        HOUSTON    CD
Commenced   10/8/2008
Completed   10/12/2008
Job No.     11724

**Terms Net Cash**               **Total Invoice**     $11,678.90

STEVEDORING CHARGES

OVERTIME DIFFERENTIAL

| | | | | | |
|---|---|---|---|---|---|
| REGULAR GANG | 26 | HRS. | X | 310.00 | 8,060.00 |
| UTILTY MEN | 4 | HRS. | X | 15.88 | 63.52 |
| H/L OPERATORS | 32 | HRS. | X | 16.38 | 524.16 |
| F/L OPERATORS | 20 | HRS. | X | 15.88 | 317.60 |
| TRUCK DRIVERS | 48 | HRS. | X | 16.38 | 786.24 |

TIME LOST

| | | | | | |
|---|---|---|---|---|---|
| S/B SHIP DOCKING | 1.75 | HRS. | X | 770.95 | 1,349.16 |
| S/B CRANE DOWN | .75 | HRS. | X | 770.95 | 578.21 |

TOTAL    $11,678.90

EXHIBIT A

3100-15  $11678.90

The amount of this invoice is due and payable discountless upon receipt, unless otherwise agreed by contract. Amounts not paid within 30 days from invoice date will be charged interest at the rate of the lesser of 18% or the highest allwable rate per annum, prorated daily.

1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHIPPERS STEVEDORING COMPANY | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 11-0291 |
| | * | |
| M/V YASA GULTEN, her engines, tackle and appurtenances, etc., *in rem* | * | SECTION " "  SECT. J MAG. 2 |
| | * | |
| | * | MAGISTRATE ( ) |
| | * | |

### VERIFICATION

STATE OF LOUISIANA

PARISH OF ORLEANS

Alan R. Davis, being duly sworn, deposes and says:

1. I am a member in good standing of the bar of this Honorable Court and an attorney in the firm Chaffe McCall, LLP, attorneys for Shippers Stevedoring Company;

2. I have read the foregoing Verified Complaint and believe the contents thereof to be true.

3. My knowledge and belief are based upon facts and documents supplied by Shippers Stevedoring Company, as well as my review of said facts and documentation; and

1631781-1

4. I make this affidavit on behalf of Shippers Stevedoring Company because it is a foreign corporation having no local representative.

_____
Alan R. Davis

Sworn to before me this
10 th day of February, 2011.

_____
Notary Public

JOHN L. ROBERT, III
NOTARY PUBLIC
STATE OF LOUISIANA
BAR ROLL NUMBER 29400
COMMISSION ISSUED FOR LIFE

1631781-1

2